UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-62687-SINGHAL/VALLE

JENNIE MARTINEZ,

    Plaintiff,

v.

COMMISSIONER,
SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____/

### REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Plaintiff Jennie Martinez's Motion for Attorney's Fees under to the Equal Access to Justice Act (the "EAJA"), *see generally* (ECF No. 30) (the "Motion").  United States District Judge Raag Singhal has referred the matter to the undersigned for appropriate disposition.  *See generally* (ECF No. 7); *see also* 28 U.S.C. § 636(c).

After due consideration of the Motion, the Government's Response (ECF No. 34), Plaintiff's Reply (ECF No. 35), and being otherwise fully advised on the matter, the undersigned respectfully recommends that the Motion be **GRANTED IN PART** for the reasons set forth below.

### I.    PROCEDURAL HISTORY

In December 2020, Plaintiff sought judicial review of the final decision of the Commissioner denying her claim for Social Security Disability Benefits and Supplemental Security Income Benefits under Titles II and XVI, respectively, of the Social Security Act.  (ECF No. 1).  Subsequently, Plaintiff filed her motion for summary judgment, arguing that the ALJ failed

to properly evaluate: (i) the medical opinion evidence; (ii) Plaintiff's residual functional capacity; and (iii) Plaintiff's subjective statements. *See generally* (ECF No. 25). In response, the Commissioner filed an unopposed motion to remand for the Administrative Law Judge (the "ALJ") to conduct "a new hearing and to issue a decision, fully discussing the persuasiveness and supportability of each medical opinion." (ECF No. 26 at 2). The District Judge adopted the undersigned's Report and Recommendation, granting the Commissioner's motion to remand. (ECF Nos. 27, 29). The instant Motion followed. *See generally* (ECF No. 30).

## II. STANDARD OF REVIEW

The EAJA provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

To establish that its position was substantially justified, the "[G]overnment bears the burden of demonstrating that its case had a reasonable basis both in law and fact." *Jefferson v. Bowen*, 837 F.2d 461, 462 (11th Cir. 1988) (quotation marks and citations omitted). Moreover, the Government's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Importantly, a position need not be correct to be substantially justified. *Id*. at 569 ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). Indeed, "[t]he fact that the [G]overnment lost its case does not raise a presumption that the [G]overnment's position was not substantially justified. Nor

is the [G]overnment required to establish that its decision to litigate was based on a substantial probability of prevailing." *White v. United States*, 740 F.2d 836, 839 (11th Cir. 1984) (citations omitted).

Here, the Government concedes, and the undersigned agrees, that Plaintiff was the prevailing party, that the Government's position was not substantially justified, and that Plaintiff is entitled to recover its $402 filing fee. (ECF Nos. 34 at 2, 35 at 2). The Government, however, objects to: (i) the requested hourly rate ($220.11 for work done in 2020, 2021, and 2022); (ii) the reasonableness of the hours expended by counsel (44.5 hours); and (iii) billing for purported "clerical tasks."

### III. DISCUSSION

**A. The Requested Hours Do Not Include Clerical Tasks and Are Reasonable**

In the Motion, Plaintiff seeks an award of $9,794.90 under the EAJA for the time spent by attorneys Charles E. Binder (4 hours) and Gabrielle B. Saint Charles (40.5 hours) representing Plaintiff before the District Court.[1] *See* (ECF Nos. 30-4 at 2, 30-5). Defendant objects to the total hours requested, arguing that Plaintiff's counsel ("counsel") inappropriately billed 5.7 hours for clerical tasks and 12.5 hours of excessive time for drafting Plaintiff's summary judgment motion. (ECF No. 34 at 3-6). Thus, Defendant asks the Court to reduce Plaintiff's compensable hours from 44.5 to 26.3 hours. *Id.* at 9.

*1. The Challenged Tasks Are Not Clerical*

According to Defendant, the following time entries reflect clerical tasks that should not be billed at attorney hourly rates: (i) .2 hours for dictating a letter to the client explaining appeal; (ii)

---

[1] Plaintiff also seeks to recover $402 for the cost of the filing fee. *Id.* The Commissioner does not oppose this cost. (ECF No. 34 at 2). Filing fees are recoverable under 28 U.S.C. § 1920. Accordingly, Plaintiff should recover her $402 filing fee from the Judgment Fund.

3

.3 hours for dictating the complaint; (iii) 5 hours reviewing the agency's certified record and taking notes on the relevant evidence; and (iv) .2 hours preparing a motion for extension of page limitation (the "challenged tasks"). *Id*. at 4. The undersigned disagrees. The challenged tasks are not purely clerical tasks, such as mailing, filing, sending or receiving documents, reviewing the docket, indexing documents, and completing forms. Indeed, courts have found that communications with a client, such as the letter explaining the process of a federal court appeal, are compensable attorney time. *See, e.g.*, *Clay v. Comm'r of Soc. Sec.*, No. 19-CV-81103, 2021 WL 2646355, at *2 (S.D. Fla. June 28, 2021) (finding communications with a client to be appropriately billed as attorney time on a motion for EAJA fees); *O'Neil v. Comm'r of Soc. Sec.*, No. 6:21-CV-1072-EJK, 2022 WL 2916816, at *3 (M.D. Fla. July 25, 2012) (finding that communications with client and review of court orders were not clerical tasks). Similarly, preparing a civil complaint is compensable attorney time, especially where the complaint in not a boilerplate pleading. *See, e.g.*, *Duffield v. Colvin*, No. 3:15-CV-1065-J-MCR, 2016 WL 6037306, at *3 (M.D. Fla. Oct. 14, 2016) (finding that drafting and filing the complaint were compensable). Lastly, review of the administrative record, marshalling relevant evidence, and taking notes for use in writing a coherent legal argument in a motion for summary judgment are unquestionably attorney tasks. Accordingly, the undersigned will not subtract these hours from the requested fee award.

*2. The Hours Billed Are Reasonable*

Next, Defendant argues that counsel's hours should be reduced by 12.5 hours because counsel spent too much time drafting Plaintiff's summary judgment motion. (ECF No. 34 at 5-6). More specifically, Defendant argues that counsel's hours should be reduced by: (i) 6.2 hours for drafting the procedural history, medical evidence, Plaintiff's testimony, Vocational Expert's

testimony, and the ALJ's Decision sections of the brief (from 11.2 hours to 5 hours); and (ii) 6.3 hours for researching and drafting the substantive legal argument sections of the brief (from 24.3 hours to 18 hours). *Id.* Defendant, however, fails to identify any specific time entries that are objectionable.

Against this background, and given the fact-intensive nature and complex legal issues that arise in social security appeals, the undersigned rejects Defendant's request for a blanket reduction in counsel's time. *See Martin v. Comm'r of Soc. Sec.*, No. 6:17-CV-1974-Orl-KRS, 2018 WL 8578026, at *3 (M.D. Fla. Dec. 6, 2018) (denying Commissioner's request for a blanket 3-hour reduction in counsel's requested time). Where, as here, the time incurred is not excessive on its face, "the Court will not second-guess counsel about the time necessary to achieve a favorable result for his client." *Hasel v. Astrue*, No. 07-CV-928, 2009 WL 1066138, at *4 (D. Ariz. April 21, 2009); *see also Tonya A. v. Comm'r of Soc. Sec.*, No. 20-CV-00028, 2022 WL 16709178, at *3 (N.D. Ga. July 11, 2022).

In sum, for the reasons discussed above, the undersigned finds that counsel's requested hours are compensable at the attorney's hourly rate and are not excessive or duplicative. Accordingly, the undersigned recommends that counsel be awarded EAJA fees 44.5 hours of work.

### B. Counsel's Hourly Rates Require Adjustment

In the Motion, Plaintiff initially sought compensation at a flat hourly rate of $220.11 for work done from 2020 through 2022. (ECF No. 30-4 at 3). In opposing the Motion, however, the Government correctly points out (and Plaintiff conceded in her reply) that the allowable hourly rates, adjusted pursuant to the Consumer Price Index, fluctuated for 2020, 2021, and 2022 as

follows: $207.78/hour for 2020; $217.54/hour in 2021; and $231.49 for 2022.[2] (ECF Nos. 34 at 6-8, 35 at 2). Based on Plaintiff's concession that these fluctuating rates apply, the undersigned recommends that counsel's hourly rate be adjusted for each year as follows: (i) 2020: 1.8 hours x $207.78 = $374.00; (ii) 2021: 41.20 hours x $217.54 = $8,962.65; and (iii) 2022: 1.50 hours x $231.49 = $347.24. This adjustment in the hourly rates results in an adjusted fee award of $9,683.89.

### C. Fees on Fees

Lastly, Plaintiff requests additional fees for the time spent litigating the EAJA fee issues. (ECF No. 35 at 6). An application to recover fees pursuant to the EAJA properly includes time spent preparing and defending the EAJA motion. *See Comm'r v. Jean*, 496. U.S. 154, 162 (1990); *Gibson v. Comm'r of Soc. Sec.*, No. 10-CV-44-FtM-29SPC, 2011 WL 2218348, at *4 (M.D. Fla. June 7, 2011). Here, counsel spent an additional 2.60 hours reviewing Defendant's opposition to Plaintiff's motion for fees and preparing a reply. These hours are compensable and result in an additional award of $601.87 at the 2022 hourly rate of $231.49.

### IV.    RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that: Plaintiff's Petition for Attorneys' Fees pursuant to the EAJA (ECF No. 30) be **GRANTED IN PART**. More specifically, Plaintiff should receive a total fee award of $10,285.76 under the EAJA (47.1 hours of work at the adjusted hourly rates for 2020, 2021, and 2022), and $402 for the cost

---

[2] Although the EAJA sets a ceiling of $125 per hour for attorney's fees, courts may raise the ceiling based on increases in the cost of living. *See* 28 U.S.C. § 2412(d)(2)(A)(ii); *see also Bragg v. Comm'r of Soc. Sec.*, No. 8:20-CV-671-SPF, 2021 WL 2226587, at *1 (M.D. Fla. June 2, 2021) (approving EAJA hourly rate at $207.28 for work performed in 2020 and hourly rate at $212.05 for work performed in 2021).

of filing the complaint in federal court.  This amount is to be paid to Plaintiff's counsel once the U.S. Department of the Treasury determines that Plaintiff owes no debt to the United States.

Within **fourteen** days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** at Chambers, in Fort Lauderdale, Florida, on January 20, 2023.

                                                      *Alicia O. Valle*
                                                      ALICIA O. VALLE
                                                      UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Raag Singhal
     All Counsel of Record